IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00672-BNB

TYRONE TILLMAN,

    Applicant,

v.

TERRY MAKETA, El Paso County Sheriff, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Tyrone Tillman, is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Tillman has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a no-bond parole hold that he alleges is preventing him from posting bond on criminal charges pending against him and obtaining his release. The court must construe the application liberally because Mr. Tillman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tillman will be ordered to file an amended application.

    The court has reviewed the application and finds that it is deficient because Mr. Tillman's claims are not properly raised in a habeas corpus action pursuant to 28 U.S.C. § 2254. Mr. Tillman is not challenging the validity of a state court conviction or

sentence; instead, he is challenging pretrial detention.  As a result, his claims properly are asserted pursuant to 28 U.S.C. § 2241.  *See Walck v. Edmondson*, 472 F.3d 1227, 1234-35 (10th Cir. 2007) (explaining that the term "judgment" in § 2254 refers to a conviction and sentence and that § 2241 is the appropriate statutory authority by which to challenge pretrial detention).  Because Mr. Tillman has not filed an application for a writ of habeas corpus pursuant to § 2241, he will be ordered to file an amended application on the proper form if he wishes to pursue his claim in this action.  Mr. Tillman is advised that he must identify clearly the specific constitutional claims he intends to pursue and he must allege specific facts in support of those claims.  Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Tillman file **within thirty (30) days from the date of this order** an amended pleading on the proper 28 U.S.C. § 2241 form.  It is

FURTHER ORDERED that Mr. Tillman shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Tillman fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED March 21, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge