IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00672-BNB

TYRONE TILLMAN,
    Applicant,

v.

TERRY MAKETA, El Paso Cty. Sheriff,
    Respondent.

ORDER TO FILE PRELIMINARY RESPONSE

    As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed on April 3, 2012, in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.  Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

    In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

Finally, although Applicant is incarcerated at the El Paso County Jail, the court notes that he is challenging a parole hold in the instant action. If the named Respondent is not the appropriate Respondent with respect to Applicant's claims challenging the parole hold, Respondent should advise the court who the proper Respondent is and move for a substitution of party. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED April 4, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge