IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00672-BNB

TYRONE TILLMAN,

    Applicant,

v.

TERRY MAKETA, El Paso Cty. Sheriff,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Tyrone Tillman, is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Tillman initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging a no-bond parole hold that he contends is preventing him from posting bond on criminal charges pending against him and obtaining his release. On April 3, 2012, Mr. Tillman filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4). On April 5, 2012, Mr. Tillman filed another amended application for a writ of habeas corpus pursuant to § 2241 (ECF No. 6) that substantively is identical to the amended application filed on April 3.

    On April 4, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. Magistrate Judge Boland also directed

Respondent to advise the Court who the proper Respondent is and move for substitution of party if Respondent is not the appropriate party to respond to Mr. Tillman's claims challenging a parole hold. On April 30, 2012, Magistrate Judge Boland entered a second order directing Respondent to file a preliminary response because it was not clear whether Respondent received a copy of the April 4 order.

On May 18, 2012, Tom Clements, Executive Director of the Colorado Department of Corrections ("DOC"), through the Colorado Attorney General, filed a preliminary response (ECF No. 12) to the amended habeas corpus application arguing that Mr. Tillman's claims are unexhausted. Respondent has not filed either a preliminary response or a motion for substitution of party. Nevertheless, because it appears that Mr. Clements is the proper party to respond to Mr. Tillman's claims challenging his parole hold, the Court will address the affirmative defense raised by Mr. Clements in the preliminary response. Mr. Tillman has not filed a reply to the preliminary response filed by Mr. Clements despite being given an opportunity to do so. Mr. Tillman did file a document titled Applicant's Reply (ECF No. 8) on April 12, 2012, apparently in response to Magistrate Judge Boland's first order directing Respondent to file a preliminary response, but Applicant's Reply was filed before Mr. Clements filed the preliminary response and Applicant's Reply does not address the affirmative defense of exhaustion of state remedies.

The Court must construe the amended applications liberally because Mr. Tillman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the Court will dismiss the action for failure to exhaust state remedies.

As noted above, Mr. Tillman is challenging a no-bond parole hold that he contends is preventing him from posting bond on criminal charges pending against him and obtaining his release. According to Mr. Tillman, he was arrested for a parole violation on October 25, 2011, and new criminal charges also were filed against him. He contends that the parole revocation proceedings have been continued pending disposition of the new criminal charges in violation of Colorado state law and that, because he cannot post bond on the new criminal charges while the revocation proceedings are continued, his constitutional rights are being violated.

Mr. Clements argues that Mr. Tillman's claims are not exhausted. Mr. Tillman must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal

claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Clements specifically argues that Mr. Tillman has not exhausted state remedies for his claims because, although Mr. Tillman filed a state habeas corpus petition that was denied by the El Paso County District Court on March 27, 2012, Mr. Tillman did not seek appellate review of the order denying his state habeas petition and, as a result, he did not fairly present his claims to the state's highest court. As noted above, Mr. Tillman has not filed a reply to the preliminary response and he has not responded to the argument that he has failed to exhaust state remedies. There also is no indication in the amended applications that Mr. Tillman has fairly presented his claims to the state's highest court. As a result, the Court finds that Mr. Tillman has failed to satisfy his burden of demonstrating that he exhausted all available state remedies for his claims in this action. The instant action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended applications (ECF Nos. 4 & 6) are denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of      June       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court